<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4397**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONALD JAMAL WILSON, a/k/a Cash,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:07-cr-00034-1)

Submitted:  February 12, 2009        Decided:  March 18, 2009

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacob A. Manning, DINSMORE & SHOHL, LLP, Wheeling, West
Virginia, for Appellant. Charles T. Miller, United States
Attorney, R. Gregory McVey, Assistant United States Attorney,
Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Jamal Wilson was convicted after a jury trial of one count of conspiracy to distribute fifty grams or more of cocaine base, cocaine, and heroin, in violation of 21 U.S.C. § 846 (2006), and two counts of managing a residence for the purpose of storing cocaine base, in violation of 21 U.S.C. § 856(a)(2) (2006). Wilson was sentenced to life imprisonment. Wilson appeals, contending that the district court erred in denying his motion to suppress evidence discovered at his apartment because the search warrant was not based upon probable cause. Finding no error, we affirm.

Legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while factual findings are reviewed for clear error. United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007). When the district court has denied a defendant's suppression motion, this court construes the evidence in the light most favorable to the Government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005) (citation omitted).

In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). The facts

2

presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. <u>Texas v. Brown</u>, 460 U.S. 730, 742 (1983). Moreover, "the determination of probable cause by the issuing magistrate is entitled to great deference by this court." <u>United States v. Hodge</u>, 354 F.3d 305, 309 (4th Cir. 2004) (citation omitted).

Here, the affidavit supporting the search warrant contained four paragraphs. The first and third paragraphs described the prior arrests of two other individuals for possession of controlled substances, one of whom was arrested shortly after leaving the residence in question. The second paragraph discussed the surveillance of that residence that was undertaken as a result of "prior drug information" received about the apartment. During that surveillance, suspected drug traffickers were seen entering and exiting the residence. Finally, the fourth paragraph articulated information given by a "cooperating witness" who had purchased illegal drugs at the residence the day before.

The search warrant was obtained in the late night hours of August 7, 2006, and the search was executed in the early morning hours of August 8, 2006. Based on this search, which turned up amounts of illegal drugs and paraphernalia, police obtained arrest warrants for the defendant. Wilson was

subsequently arrested, and information obtained during the arrest was used to obtain a second search warrant for another residence belonging to Wilson.

Wilson argues that there was nothing to demonstrate that the information provided by the cooperating witness in the affidavit was reliable. Wilson also contends that the other portions of the affidavit contained conclusory statements devoid of stated factual underpinnings, and in sum the affidavit did not provide probable cause to believe that evidence of a crime would be discovered at his residence. Furthermore, Wilson maintains that the good-faith exception to the exclusionary rule did not apply here because the affidavit was nothing more than bare bones assertions. Therefore, Wilson argues, the subsequent arrest was invalid as the arrest warrants were based on information obtained during the search that should have been excluded. Consequently, Wilson contends that any evidence obtained during not only the first search, but also during the arrest and the second search, should have been suppressed.

While the information provided by the cooperating witness was not verified or shown to be reliable, the remainder of the affidavit demonstrated probable cause for the search warrant. We therefore conclude the district court did not err in denying Wilson's motion to suppress the evidence obtained during the search. As we find probable cause did exist for the

4

issuance of the search warrant, we need not address Wilson's arguments regarding the application of the good-faith exception to the exclusionary rule and his arguments concerning the subsequent arrest and search.

Accordingly, we affirm the district court's order denying Wilson's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED